IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01012-WDM-KLM

DANTON CHARLES LAFOND,

    Petitioner,

v.

DOUGLAS COUNTY COLORADO DISTRICT COURT, and
COLORADO ATTORNEY GENERAL,

    Respondents.

## ORDER ON PETITION FOR HABEAS CORPUS

Miller, J.

This matter is before me Petitioner Danton Charles LaFond's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus ("Petition") (Docket No. 1). Respondents answered the Petition (Docket No. 7) and Petitioner filed a traverse (Docket No. 17). After reviewing the pertinent portions of the record in this case including the Petition, the answer, the traverse, and the state court appellate record, I conclude that the Petition should be denied.

### Background

In November 2001, after a bench trial, Petitioner was convicted of Criminal Attempt to Commit Unlawful Sexual Contact, a violation of Colo. Rev. Stat. § 18-2-101 and § 18-3-404(1.7). The conviction stemmed from an incident in the Jessica McClintock clothing store in the Park Meadows Mall. Apparently, on previous occasions prior to the incident at issue the store employees had asked Petitioner to leave the store

PDF Final

and called security when they suspected he was looking at females changing in the dressing room though a slit in the dressing room curtain. On Saturday, January 13, 2001, Petitioner entered the store. He stood at a rack of dresses approximately five to ten feet from the dressing room, held up a red dress, and craned his neck to see inside the dressing room where a young teenage girl was changing. Recognizing Petitioner and observing his behavior, store employees called security. Two security officers, Officer Greg Black of the Douglas County Sheriff's Department, and Corporal Michael Rollins both responded and witnessed Petitioner's actions.

Corporal Rollins approached Petitioner, whom he knew because Petitioner was employed as a loss prevention officer in the J.C. Penny store at the mall, and asked him what he was doing. Petitioner answered that he was in the store with someone else. Corporal Rollins then took Petitioner to the substation in the mall and attempted to read Petitioner his *Miranda* rights. Petitioner responded that he knew his rights and signed a waiver form. Petitioner proceeded to explain that he had been in the store with a friend and that as "he was a guy", when the dressing room curtains opened up, he was going to look.

Petitioner was charged with criminal attempt to commit unlawful sexual contact and a bench trial was held in Douglas County Court ("County Court"). At the trial, the defense did not present any evidence. Petitioner opted not to testify, allegedly on the advice of counsel. The County Court explained to Petitioner his right to testify on his own behalf and Petitioner indicated that he understood and that he was choosing to not testify. The County Court found Petitioner guilty of the charged offense, a misdemeanor, and sentenced Petitioner to two years probation. Petitioner was also

ordered to pay fines and court costs of $2,035 and complete an offense specific evaluation.[1]

Petitioner appealed his conviction to the Douglas County District Court ("District Court") arguing that (1) his conviction was not supported by the evidence; (2) involuntary statements were admitted during the trial; and (3) he received ineffective assistance of counsel during the trial. By order dated February 5, 2003, the District Court affirmed the conviction because they determined that there was sufficient evidence on which to base the conviction, the statements Petitioner complained about were not involuntary, and Petitioner did not receive ineffective assistance of counsel. Petitioner then filed a timely notice of appeal with the Colorado Court of Appeals. Pursuant to Colo. Rev. Stat. § 13-4-102(1)(f), however, the proper appeals process for a district court decision of an appeal from a county court is to petition for certiorari with the Colorado Supreme Court. When Petitioner realized the error, despite being untimely he petitioned the Colorado Supreme Court for certiorari setting forth the same three arguments he raised with the District Court. See Colo. R. App. P. 52(a) (establishing 30 days past final judgment as the deadline for appealing district court decision on appeal from county court). The Colorado Supreme Court denied the motion as untimely.

Petitioner then filed a petition for habeas corpus in the federal district court arguing (1) that involuntary statements were admitted at his trial; (2) ineffective assistance of trial counsel; and (3) he was denied his right to appeal to the Colorado Supreme Court because his counsel had erred in failing to timely file for certiorari. This

---

[1] Although the Petition does not so state, Respondents indicate that the probationary period was stayed.

petition was dismissed with prejudice on November 21, 2003 for failure to exhaust state remedies with respect to the third claim.

On October 29, 2003, Petitioner filed a Colo. R. Crim. P. 35(c) motion asserting the same three arguments that he had presented in his initial federal habeas corpus action. The County Court denied the motion because (1) Petitioner's claims regarding involuntary statements and ineffective assistance of counsel were already fully litigated on direct appeal and, therefore, not properly subject to Rule 35(c) review and (2) he had not demonstrated meritorious grounds for appellate review for his claim that he was denied his right of appeal. The District Court dismissed the appeal and upheld the denial of Rule 35(c) relief on October 13, 2004. Petitioner filed this action for habeas corpus relief on June 3, 2005.

## Legal Standard

As Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs my review. *Cannon v. Mullin*, 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)). Under the AEDPA, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States."[2] 28 U.S.C. § 2254(a). Before an application may be considered, however, the petitioner

---

[2] The parties appear to agree that Petitioner is "in custody" for purposes of federal habeas relief. *See Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) ("Probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief." (citations omitted)); *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989) (holding that a habeas petitioner was "in custody" when "her one-year probation period had commenced but was stayed").

must have exhausted all available state remedies. *Id.* § 2254(b). The grounds for granting a writ of habeas corpus are very limited: "a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated *on the merits in* State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

A state court decision is "contrary to" clearly established Federal law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a different result from [Supreme Court] precedent.'" *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). A state court decision involves an "unreasonable application" of clearly established Federal law when "'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the [petitioner's] case.'" *Lockyer v. Andrade*, 538 U.S. 63, 75 (2005) (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous . . . . The state court's application of clearly established law must be objectively unreasonable." *Id.* (citing *Williams*, 529 U.S. at 409–10, 412). Indeed, a "'federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

PDF Final 5

incorrectly.'" *Id.* (quoting *Williams*, 529 U.S. at 411). Finally, when analyzing an application, all determinations of factual issues by the State court are presumed to be correct and Petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## Discussion

As a preliminary matter, I note that the Petition expressly alleges only one ground for habeas relief: Petitioner was denied the right "to a hearing on the claim of ineffective assistance of counsel." (Pet. at 4.) The description of this claim, however, discusses Petitioner's ineffective assistance of counsel claim. *Id.* Although Petitioner is not proceeding *pro se* and therefore entitled to liberal construction, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))), I conclude that it is appropriate to address both Petitioner's claim that he was denied a hearing on his ineffective assistance of counsel claim ("Hearing Claim") and the ineffective assistance of counsel claim itself ("Counsel Claim") because the facts of each are sufficiently alleged in the Petition.

1. Hearing Claim

It is unclear from the face of the Petition whether the Hearing Claim relates to a denial of a hearing during direct review or a denial of a hearing during postconviction proceedings. I do note that both Respondent and Petitioner appear to treat the claim solely as regarding a denial of a hearing during postconviction review. In either case, however, relief is not warranted.

First, the federal habeas statute provides relief to a person "in custody . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As "no constitutional provision requires a state to grant post-conviction review", challenges to postconviction procedures are not cognizable under the federal habeas statute. *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *accord United States v. Dago*, 441 F.3d 1238, 1248–49 (10th Cir. 2006); *Phillips v. Ferguson*, 182 F.3d 769, 772 (10th Cir. 1999); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993); *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (holding that because there is no constitutional right to an attorney in state postconviction proceedings, a habeas applicant "cannot claim constitutionally ineffective assistance of counsel in such proceedings"). Therefore, any denial of a right to a hearing during postconviction review is not cognizable under the federal habeas statute.

Second, Petitioner has not met his burden of demonstrating exhaustion of remedies with respect to his claim that he was denied a hearing during direct appeal.[3] *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citing *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981) (placing the burden of showing exhaustion of remedies on the state prisoner bringing a federal habeas action). In this case, Petitioner did not exhaust his state remedies as his postconviction motion did not include a claim for denial of a hearing during direct appeal. If a petitioner has not exhausted his state remedies, his petition is generally denied without prejudice so that he may present his claims to the state court. *Coleman v. Thompson*, 501 U.S. 722, 731

---

[3] I further note that Petitioner has not demonstrated that he is constitutionally entitled a hearing on direct appeal on his ineffective assistance of counsel claim.

(1991). However, if "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred" then the petitioner is considered to have procedurally defaulted his claims and federal habeas review is precluded. *Id.* at 735 n.1. Indeed, a federal district court "does not address issues that have been defaulted in state court on an independent and adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice."[4] *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citations omitted). In this case, as Petitioner is barred from bringing successive claims for postconviction relief,[5] he has procedurally defaulted any claim for denial of a hearing during direct review. Thus, habeas review is not appropriate with respect to this claim.

2. <u>Counsel Claim</u>

---

[4] "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citation omitted). Adequacy generally means that the state ground is "strictly or regularly followed and applied evenhandedly to all similar claims." *Hickman v. Spears*, 160 F.3d 1269, (10th Cir. 1998) (citation and quotation omitted)

[5] The Colorado Supreme Court has determined that "[w]here a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied." *People v. Scheer*, 518 P.2d 833, 835 (Colo. 1974). Furthermore, at the time that the County Court ruled on Petitioner's postconviction motion, the rule regarding postconviction relief, Colo. R. Crim. P. 35(c), provided that a court "need not entertain a second motion or successive motions for similar relief based upon the same or similar allegations on behalf of the same prisoner." Colorado's practice of denying successive or repetitive postconviction motions is based on state law and, therefore, is independent. With respect to adequacy, it appears that Colorado applies this rule evenhandedly to similar claims. *Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989); *Graham v. Zavaras*, 877 P.2d 363, 363 (Colo. 1994); *Scheer*, 518 P.2d at 835; *People v. Hubbard*, 519 P.2d 945, 948 (Colo. 1974); *People v. Abeyta*, 923 P.2d 318, 320 (Colo. Ct. App. 1996).

With respect to the Counsel Claim, Respondent argues that it was unexhausted and procedurally defaulted because Petitioner did not timely file a petition for certiorari with the Colorado Supreme Court. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that petition for certiorari is necessary to exhaust state remedies even though the grant of certiorari is discretionary with the state supreme court). Petitioner does not respond to this argument. Petitioner has, therefore, not met his burden of proving exhaustion of state remedies. See *Miranda*, 967 F.2d at 398 (citing *Clonce*, 640 F.2d at 273). However, Colorado Appellate Rule 51.1 may alter the general rule that a exhaustion requires petitioning for certiorari. Rule 51.1 states:

> (a) Exhaustion of Remedies. In all appeals from criminal convictions or post-conviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

The Tenth Circuit has not determined the effect of this rule on the exhaustion doctrine. See *Mitchell v. Watkins*, 252 Fed. Appx. 874, 877 (10th Cir. Oct. 25, 2007) (unpublished)[6] (noting that the Tenth Circuit has not considered the impact of Rule 51.1 on exhaustion in a habeas proceeding); *Berg v. Foster*, 244 Fed. Appx. 239, 246–47 (10th Cir. Aug. 6, 2007) (unpublished) (declining to address the issue). I note that the Rule may not apply to this case as the Rule provides that a claim is exhausted if it has been presented to the Court of Appeals or Supreme Court and that presentation to the

---

[6] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

Supreme Court from an adverse decision by the Court of Appeals is not necessary. As this case was tried to the County Court, the appeal was determined by the District Court and, therefore, was never presented to the Court of Appeals. And, as the petition for certiorari was untimely, the claim was also never presented to the Colorado Supreme Court. However, given the lack of clarity on this rule's effect on the exhaustion doctrine and my ultimate conclusion that the Petition should be denied, I conclude that it is appropriate to address Petitioner's claims of ineffective assistance of counsel.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim for ineffective assistance of counsel, a petitioner must establish two components. *Id.* at 687. First, he must show "that counsel's performance was deficient" meaning that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. Second, the petitioner must also "show that the deficient performance prejudiced the defense"—in other words that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

In the Petition, Plaintiff asserts only one ground for his claim of ineffective assistance of counsel—that counsel advised him not to testify at trial. Although generally addressing Petitioner's ineffective assistance of counsel claim, the District Court did not specifically address Petitioner's complaint that counsel advised him not to testify. If a claim is not adjudicated on the merits in state court, a district court addresses the constitutional claim de novo on habeas review. *Gipson v. Jordan*, 376

F.3d 1193, 1196 (10th Cir. 2004) ("[I]if the state court did not decide a claim on the merits, and the claim is not otherwise procedurally barred, we address the issue de novo and the § 2254(d)(1) deference requirement does not apply."); *accord Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) ("[T]he deferential post-AEDPA standard does not apply where the state court did not decide a claim on its merits."). The Tenth Circuit has determined, however, that "a state court reaches a decision 'on the merits' even when it fails either to mention the federal basis for the claim or cite any state or federal law in support of its conclusion." *Gipson*, 376 F.3d at 1196 (citing *Aycox*, 196 F.3d at 1177); *accord Aycox*, 196 F.3d at 1177 (determining that a summary order of dismissal stating "as a matter of law, Petitioner is not entitled to relief" was an adjudication on the merits). I need not determine whether the District Court denied Petitioner's claim regarding counsel's advice not to testify on the merits, however, because Petitioner's claim fails under either the deferential standard of 28 U.S.C. § 2254(d)(1) or de novo review.

Petitioner alleges that although he "desired to testify in his defense, on the advice of counsel, he did not testify." (Pet. ¶ 12A.) Although "[a] criminal defendant has a constitutional right to testify in his own behalf at trial" and any denial of this right by counsel would "be a dereliction of duty by counsel" sufficient to satisfy the first prong of *Strickland, Cannon*, 383 F.3d at 1171, Petitioner has failed to allege that his trial counsel denied him this right. The Petition merely alleges that counsel advised him not to testify—there are no allegations that counsel did anything more than provide advice. Furthermore, review of the trial transcript demonstrates that the judge fully advised Petitioner of his right including that the right was held by Petitioner and that no one,

including his attorney, could prevent him from testifying. Petitioner then indicated that he understood the right and that it was his decision not to testify. Given the foregoing, I conclude that Petitioner has failed to establish that counsel's advisement not to testify resulted in a denial of the right to testify. Indeed, advising a client whether to testify is not objectively unreasonable nor does it constitute a "dereliction of duty." *See Cannon*, 383 F.3d at 1171. Therefore, Petitioner is not entitled to habeas relief on his claim of ineffective assistance of counsel for counsel's advisement not to testify.

In his traverse, Petitioner raises several other reasons why his trial counsel was ineffective including failure to interview and call witnesses and failure to file a suppression motion prior to trial regarding statements Petitioner made to police. I decline to address these arguments as they were not raised in the Petition but were raised for the first time in the traverse. *See United States v. Hall*, 473 F.3d 1295, 1301 n.1 (10th Cir. 2007) (declining to address an argument raised for the first time in a reply brief); *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief. The reasons are obvious. It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result."). Nevertheless, I do note that habeas relief is not warranted for any of these claims. As the District Court addressed and denied all of these arguments, the 28 U.S.C. § 2254(d)(1) deferential standard applies. Under such standard, Petitioner has failed to demonstrate that the District

Court's determinations regarding these issues were objectively unreasonable.[7] *See Lockyer*, 538 U.S. at 75 ("The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous . . . . The state court's application of clearly established law must be objectively unreasonable." (citing *Williams*, 529 U.S. at 409–10, 412)). The District Court determined that the decisions to interview and call witnesses were part of counsel's trial strategy and, therefore, did not amount to ineffective assistance of counsel. Noting that suppression motions are not required and that the voluntariness of the statements was addressed prior to trial, the District Court also determined that Petitioner failed to establish either prong of the ineffective assistance of counsel analysis with respect to his suppression motion claim. As I cannot say that these determinations were objectively unreasonable, habeas relief is not warranted.

Accordingly, it is ordered:

1. Petitioner Danton Charles LaFond's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus ("Petition") (Docket No. 1) is denied.

2. This case is dismissed with prejudice.

DATED at Denver, Colorado, on August 4, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

---

[7] Petitioner does not argue that the District Court applies law that is contrary to established Supreme Court precedent; rather he argues that the District Court made an "unreasonable application" of Supreme Court precedent.